UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
                                 :
UNITED STATES OF AMERICA,        :
                                 :
    -against-                    :
                                 :          07 Cr. 1054 (RPP)
ALEXSANDER LIPKIN,               :
                                 :
            Defendant.           :
                                 :
---------------------------------x

PLEASE TAKE NOTICE that upon the annexed affirmation of MURRAY RICHMAN, ESQ., dated March 10, 2008, and upon the accompanying Memorandum of Law, and upon all proceedings previously held herein, the defendant Alexsander Lipkin, will move this Court at the United States Courthouse, 500 Pearl Street, Room 2550, New York, New York 10007, for an order granting the relief requested in counsel's annexed affirmation; alternatively, a hearing should be scheduled to allow counsel an opportunity to expound on the instant application.

Dated:      Bronx, New York
            March 10, 2008

                                              Yours, etc.,

                                              MURRAY RICHMAN, ESQ.
                                              2027 Williamsbridge Road
                                              Bronx, New York 10461
                                              (718) 892-8588
                                              *Attorney for the Defendant*

To:  HON. ROBERT P. PATTERSON
     UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
     NEW YORK, NEW YORK 10007

     CLERK OF THE COURT
     UNITED STATES DISTRICT COURT
     500 PEARL STREET
     NEW YORK, NEW YORK 10007

     JONATHAN B. NEW
     KATHERINE GOLDSTEIN
     ASSISTANT UNITED STATES ATTORNEYS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                 :

UNITED STATES OF AMERICA,

                                                 :

    -against-

                                               :          07 Cr. 1054 (RPP)

ALEXSANDER LIPKIN

                                             :

                      Defendant.

                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
STATE OF NEW YORK    )
                              ) SS.:
COUNTY OF BRONX    )

        MURRAY RICHMAN, an attorney duly licensed to practice law in the State of New York and before this Court, under the penalty of perjury, affirms and says:

    1. I am the attorney for defendant ALEXSANDER LIPKIN. I make this affirmation in support of the defendant's pre-trial motion.

## I. REQUEST FOR A BILL OF PARTICULARS

    The indictment alleges that Mr. Lipkin, Maurice McDowell, Andrea Moore, Marina Dubin, Kerri Clarke and Michael Irving were in involved in a conspiracy which "facilitated the funding of over eighty home mortgages and/or equity loans with a value of over twenty million dollars with various banks and lending institutions, whose funds were typically cleared through banks in New York City." As set forth in the accompanying memorandum of law, Mr. Lipkin is entitled to a Bill of Particulars pursuant to Rule 7(F) of the Federal Rules of Criminal Procedures.

## II. DISCOVERY

1. Pursuant to United States v. Giglio, Napue v. Illinois, McCray v. Illinois, 386 U.S. 300 (1967), United States v. Turbide, 558 F. 2d 1053 (1977), Rovario v. United States, 299 F. 2d 812 (2d Cir. 1957), state:

    a. whether any government informant participated in or was present during any of the acts alleged in the indictment, and the name and address of any such person;

    b. if the answer is yes to the above, state:

        1. whether the informant was registered or not;

        2. whether the informant, in the past, had worked for the government;

        3. whether the informant has a prior criminal record; if so provide the details;

        4. whether the informant was paid for his/her efforts in this case; if so how much was provided;

        5. whether the informant has any pending cases anywhere, and whether any assistance or consideration was offered or intended by the government to be offered on behalf of the informant;

    c. whether any government informant purportedly provided to law enforcement probable cause or reasonable suspicion for the arrest or apprehension of Mr. Lipkin and/or the seizure of evidence, and if so make such person available for an *in camera* inspection by the court and for an interview by defense counsel.

    d. copies of any agreements or understandings between the government and informant as set forth in paragraph 4 (e) above.

## III. BRADY REQUEST

1. Pursuant to United States v. Giglio, 405 U.S. 150 (1972), Napue v. Illinois, 360 U.S. 264 (1959), United States v. Cannone, 528 F. 2d 296 (2d Cir., 1975), United States v. Percevault,

490 F. 2d 170 (9th Cir. 1973), United States v. Baum, 482 F. 2d 1325 (2d Cir. 1973) and Fed. Rules of Evidence, Rules 608 and 609, provide:

    a. a list of witnesses the government intends to call at trial, including the names of all persons, said to have been present at or to have personal knowledge of any statements or activities of Mr. Lipkin, with their addresses, agency affiliations (if applicable) and criminal records, if any;

    b. copies of prior statements of witnesses or reports of agents;

    c. the names and addresses of any person who was present during any part of the commission of any of the acts alleged in the indictment whether or not the government intends to call them as trial witnesses.

    d. provide a written list of the names, addresses and qualifications of all experts the government intends to call at the trial, together with all reports made by such experts, or if no reports have been made, a brief description of the opinion and subject matter of the opinion to which the person will give testimony;

    e. copies of any agreements, "letter agreements" or understandings, whether oral or written, made between the government or its agents and any prospective witness in which the government offered assistance, favorable treatment, rewards or inducements in obtaining the witness' cooperation, including but not limited to, favorable treatment or in obtaining leniency from a court or law enforcement agency in a criminal or civil matter on behalf of such person, a family member, friend or acquaintance.

### IV. EXCLUDE OTHER CRIMES EVIDENCE

As grounds for these requests, Mr. Lipkin asserts that failure to exclude other charged uncharged crimes evidence from the trial will unfairly prejudice his right to a fair trial in violation of his 5th and 14th Amendment rights to due process of law and as fully set forth in the Memorandum of Law.

### V. SEVERANCE FROM OTHER DEFENDANTS

At all times relevant to the instant indictment, Mr. Lipkin is never alleged to be present at any of the meetings discussed in the indictment. It has not been alleged that Mr. Lipkin ever consulted with of personally knew the alleged aggrieved homeowners, "straw buyers," or lenders. In the main, the indictment merely allege that "documents" purported to "contain false information" were signed by Mr. Lipkin. For the reasons stated in the accompany memorandum of law, severance from the remaining codefendants is required.

### VI. REQUEST TO JOIN CODEFENDANTS' PRE-TRIAL MOTIONS

Alexsander Lipkin seeks permission to join in on those aspects of codefendants' pre-trial motions which are applicable to him.

WHEREFORE, as set forth in the accompanying memorandum of law, it is respectfully requested that orders issue granting Mr. Lipkin the relief sought in the within motion, and for such other and further relief as may be just and proper.

Dated:  Bronx, New York
        March 10, 2008

Respectfully submitted,

MURRAY RICHMAN, ESQ.
Attorney for the Defendant