```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
                              :
UNITED STATES OF AMERICA,     :
                              :
     -against-                :
                              :      07 Cr. 1054 (RPP)
ALEXSANDER LIPKIN,            :
                              :
            Defendant.        :
                              :
------------------------------x
```

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ALEXSANDER LIPKIN'S MOTION FOR OMNIBUS PRE-TRIAL RELIEF

The instant Memorandum of Law is submitted in support of defendant ALEXSANDER LIPKIN'S motion for pre-trial relief.

## STATEMENT OF FACTS

The defendant, ALEXSANDER LIPKIN, is charged in the instant indictment, as follows: (Count One) Conspiracy to Commit Bank and Wire Fraud[1]; (Count Three) Wire Fraud-Property on 152nd Street, Jamaica, New York[2]; (Count Four) Wire Fraud-Property on Ward Avenue, Bronx, New York[3]; (Count Five) money laundering conspiracy Wire Fraud-Property on 201st Street, St. Albans, New York.[4]   Mr. Lipkin has pleaded not guilty to these charges.[5]

---

[1] 18 U.S.C. §1349.
[2] 18 U.S.C §§ 1343 and 2.
[3] 18 U.S.C §§ 1343 and 2.
[4] 18 U.S.C §§ 1343 and 2.
[5] Mr. Lipkin is not charged in Counts Two, Six and Seven of the indictment.

## POINT I

## THE GOVERNMENT SHOULD BE DIRECTED TO PROVIDE A BILL OF PARTICULARS

Pursuant to Federal Rules of Criminal Procedure 7(f) and the Constitution, Mr. Lipkin requests a bill of particulars amplifying the charges in the indictment so that he might have adequate notice of the conduct with which he is charged in order to enable him to prepare and conduct his defense. The purpose of a bill of particulars is not to obtain discovery but "to permit a defendant 'to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense.'" United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988) (citations omitted).

Even if giving the defendant such notice required that the Government reveal some evidentiary facts, that is no bar to disclosure. As the Second Circuit observed in United States v. Barnes, 158 F.3d 662 (2d Cir. 1988):

> [I]t is of no consequence that the requested information would have required disclosure or evidence or the theory of the prosecution. While a bill of particulars "is not intended, as such, as a means of learning the government's evidence and theories," if necessary to give the defendant enough information about the charge to prepare his defense, "it will be required even if the effect is disclosure of evidence or of theories."

Id. at 665 (citations omitted)

### A. *With Respect to Count One*

i. the exact times dates and locations when Mr. Lipkin entered into a conspiracy with the codefendants name in the indictment.

  ii. whether with regard to Count One is Mr. Lipkin being charged as a principal or and aider and abetter.

  iv. any overt acts not enumerated in the indictment concerning which acts the government intends to offer evidence against Mr. Lipkin at trial; and

  v. whether any acts alleged or any acts or conversations intended to be relied upon by the government at trial were had at the instance of the government.

### B. *Specific False Representations the Government Allege Is Contained In Documents Submitted to Lenders*

  In Counts Three, Four and Five it is alleged that documents submitted to lenders "contained false representations." While the indictment does state, as part of the alleged false representations to various lenders, that straw buyers intended to live in the property as their primary residences, the indictment does not indicate what "other" false representations the documents contained. It is Mr. Lipkin's contention that this information is crucial in preparing his defense for trial.

  Under Fed. R. Crim. Pro. 7(f), it is in the Court's sound discretion to order the provision of a bill of particulars. The purpose of a bill of particulars is to "fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial. . . ." United States v. Fletcher, 74 F.3d 49, 53 (4th Cir. 1996). A bill of particulars amplifies the indictment by providing missing or additional information necessary for effective preparation for trial. Id.

  A bill of particulars is particularly appropriate where, although the indictment contains general allegations necessary to plead the charged counts, it does not provide specifics as to the indictment's charges. See United States v. Loayza, 107 F.3d 257, 261

(4th Cir. 1997)(a bill of particulars "is available to add specifics beyond those required for the indictment to pass constitutional muster.") In such cases, provision of detailed information must be made by the government, especially when that information is crucial to the creation of a defense against the charges. Id.

## POINT II

### THE NAME, IDENTITY AND WHEREABOUTS OF ANY INFORMER WHO GAVE INFORMATION LEADING TO DEFENDANT'S ARREST OR INDICTMENT SHOULD BE PROVIDED TO THE DEFENSE IN PREPARATION OF TRIAL.

### A.

The name, identity and whereabouts of any informer who gave information leading to the arrest and/or indictment of Mr. Lipkin, as well as whether said informer was paid by the Government for such information requested herein, is discoverable where said informant is a witness to or has knowledge of facts relevant to the case. United States v. Barnes, 486 F.2d 776 (8th Cir. 1973). See also Rovario v. United States, 353 U.S. 63, 64 (1967); United States v. Soloman, 26 F.R.D. 397 (N.D. Ill. 1967); Lopez-Hernandez v. United States, 394 F.2d 820 (9th Cir. 1968); United States v. Silva, 580 F.2d 144 (5th Cir. 1978); United States v. Ayala, 643 F.2d 244 (5th Cir. 1981).

> "The informer's level of involvement with the criminal activity is an important consideration. Suarez v. U.S., 582 F.2d 1007, 1011 (5th Cir. 1978); Alvarez v. U.S., 525 F.2d 980, 982 (5th Cir.), cert. denied, 425 U.S. 995 (1976). The more active the participation, the greater the need for identification. U.S. v. Gonzalez, 606 F.2d 70 (5th Cir. 1979)."

United States v. Ayala, supra, at p. 246.

4

Even where the "informer was not an integral member of the criminal activity" his identity may be required where he was more than a "passive observer" or "tipster". United States v. Ayala, supra, at p. 246 (where female informer "arranged the initial meeting", "acted as an intermediary relaying messages" and was "also present at each meeting").

Further, Mr. Lipkin request that the Government affirm or deny the existence of the discovery sought herein to avoid confusion regarding whether a document exists and has not been disclosed or that a document exists and has been overlooked.

Mr. Lipkin requests that he be allowed to inspect and copy the following:

1.   Mr. Lipkin requests the Government to disclose the identity and whereabouts of confidential Government informants whose testimony the Government intends to offer at the trial or who were utilized during the instant case investigation.

This request encompasses any informant:

A.   who is an eyewitness to any of the offenses charged in the indictment;

B.   who was a participant in any of the offenses charged in the indictment;

C.   whose testimony is offered in an attempt to establish any wrongful conduct of the Defendant not alleged in the indictment; or

D.   who provided information which resulted in the targeting of Mr. Lipkin in the investigation.

Disclosure of the informer's (or informers') identity is required if the identity of the informant would be relevant or helpful to the defense, or essential to a fair determination of the cause. Roviaro v. United States, 353 U.S. 53 (1957). Only the Government has knowledge of the status of a confidential informant within categories A, B, C, and D above. While the disclosure of the identity of such informants can usually

5

not be required in the absence of a special showing by the defendant, that Mr. Lipkin needs the testimony of the informant for some purpose, voluntary disclosure by the government should be made in order to achieve fundamental fairness, and to avoid a deprivation of due process of law to Mr. Lipkin. U. S. v. Opager, 589 F.2d 799, 804-06 (5th Cir. 1979).

Discovery of this information is important to a determination whether issues regarding suppression exist and therefore should be produced pursuant to Federal Rule of Criminal Procedures 12 (d)(2). Moreover, discovery of this information before trial is necessary to allow Mr. Lipkin an opportunity to raise any objections he may have to evidence the Government intends to use at trial. See Federal Rule of Criminal Procedure 12(d)(1).

### POINT III

**THE GOVERNMENT MUST DISLCOSE MATERIAL BEARING UPON THE RELIABILITY AND CREDIBILITY OF GOVERNMENT WITNESSES AS SOON AS IT BECOMES AVAILABLE AS SUCH INFORMATION IS EXCULPATORY IN NATURE AND FALLS DIRECTLY WITHIN THE RULE ESTABLISHED IN BRADY V MARYLAND AND ITS PROGENY**

The rule promulgated by the Supreme Court in Brady v. Maryland, 373 U.S. 83 (1963), require the prosecution to disclose to the defense evidence favorable to the accused and material to guilt or punishment. See also, Moore v. Illinois, 408 U.S. 786 (1972). The rule in Brady has repeatedly been interpreted by the courts as requiring the disclosure of impeachment material. See Kyles v. Whitley, 514 U.S. 419 (1995) (stating that the Court in United States v. Bagley, 473 U.S. 667 (1985), "disavowed any difference between exculpatory and impeachment evidence for Brady purposes."). Also, "when the reliability of a given witness may well be determinative of guilt or innocence',

non-disclosure of evidence affecting credibility falls within this general rule." Giglio v. United States, 405 U.S. 150, 154 (1972), quoting Napue v. Illinois, 360 U.S. 264, 269 (1959). Indeed, Giglio stands for the very proposition that exculpatory evidence includes material which may well alter the jury's judgment of the credibility of a crucial prosecution witness as well as that which goes to the heart of the defendant's guilt or innocence. Id. at 154.

This is so because guilt or innocence may turn on the credibility of a given witness alone. For instance, cases dealing with the failure to turn over evidence bearing on the reliability of memory and on credibility generally require reversal. See e.g., McDowell v. Dixon, 858 F.2d 945 (2d Cir. 1988); Norris v. Slayton, 540 F.2d 1241 (4th Cir. 1976); Ex Parte Adams, 768 S.W.2d 281 (Tes. Cr. App. 1989) (en banc). Thus, Mr. Lipkin requests the following Brady material be provided immediately to the defense:

1) Prior statements of cooperating witnesses' that relate to the instant offense;

2) Any and all law enforcement personnel notes related to the instant offense;

3) Any statements made by FBI agents during the course of the investigation, which constitutes exculpatory or impeachment evidence.

4) All other Brady material relevant to impeachment for bias and hostility of their cooperating witnesses.

Clearly, the above requested evidence constitutes Brady material that the Government is required to disclose to the defense. See Kyles v. Whitley, 514 U.S. 419 (1995) (holding that Government should have turned over informant's prior inconsistent statements made during several different interviews with the investigating detectives); United States v. Harris, 00 Cr. 105 (RPP); 2000 WL 1273720 (S.D.N.Y.) (Court stated that Brady materials included "any statements of witnesses, including cooperators or

7

informants which are contradictory or inconsistent with the government's theory of the case as to any defendant."); and United States v. Starusko, 729 F.2d 256, 260 (3d Cir. 1984).

In United States v. Crozzoli, 698 F.Supp 430 (E.D.N.Y 1988), the Court addressed the question of timely pre-trial disclosure of Brady impeachment material, specifically agreements between the government and civilian witnesses. The Court stated:

> To permit the prosecution to withhold exculpatory evidence despite a request until such time as the prosecutor chooses to disclose it, is to permit the prosecutor to control, to some extent, the preparation of a defense.

Id. at 436-437; see also, United States v. Goldman, 439 F.Supp. 337, 349 (S.D.N.Y. 1977), it was observed that "if exculpatory evidence is produced for the first time at trial, the defendant may not have an adequate opportunity to effectively utilize the material, particularly if it points to the existence of other evidence helpful to the defendant." Accord, United States v. Shoher, 555 F.Supp. 346, 352 (S.D.N.Y. 1983) (holding that evidence pertaining to government witnesses, as with other evidence favorable to the accused, which is in the government's possession should be disclosed sufficiently in advance of trial to allow for effective evaluation, preparation, and presentation by the defense).

In light of these fundamental precepts, it is respectfully requested that the court compel the government to disclose the above requested materials and other impeachment material for its witnesses as soon as it becomes available.[6]

---

[6] Case law also requires that impeachment material be provided to the defense in the same manner as any other exculpatory material, which is on a continuing basis. United States v. Taylor, 707 F.Supp. 696 (S.D.N.Y. 1989) ("The government is under a

## POINT IV

### OTHER CRIMES EVIDENCE MUST BE EXCLUDED AS IRRELEVANT AND MORE PREJUDICIAL THAN PROBATIVE

Other crimes evidence is not admissible to show that a defendant has a bad character or propensity to commit the crime at issue, although it may be admissible for other relevant purposes. FRE §404(b). See, United States v. DeVaughn, 601 F.2d 42, 45 (2d Cir. 1979); United States v. Williams, 596 F.2d 44, 50 (2d Cir. 1979); United States v. Lyles, 593 F.2d 182, 193 (2d Cir. 1979); United States v. Manafzadeh, 592 F.2d 81, 86 (2d Cir. 1979); United States v. Papadakis, 510 F.2d 287, 294 (2d Cir. 1975). The evidence must be relevant to an actual issue in the case, and its probative value on the issue must not be outweighed by its unfair prejudice to the defendant. DeVaughn, 601 F.2d at 45; Williams, 596 F.2d at 50; Manafzadeh, 592 F.2d at 86. See also, FRE 403.

There is no presumption that other evidence is relevant. DeVaughn, 601 F.2d at 45; Manafzadeh, 592 F.2d at 86. A trial judge faced with other crimes evidence problems should require the government to explain why the evidence is relevant and necessary. United States v. O'Connor, 580 F.2d 38, 43 (2d Cir. 1978). Otherwise, "the accused might be convicted because of his participation in the other crimes rather than because he is guilty beyond a reasonable doubt of the crime alleged." Manafzadeh, 592 F.2d at 86.

In the case at bar, Mr. Lipkin submits that the government must disclose any other charge or uncharged crimes evidence that they intend to use in advance of trial. It is our contention that use of charged and/or uncharged crimes evidence during the trial of the

---

continuing duty to provide a defendant, upon request, with information material either to guilt or punishment, and the government's suppression of such information, even in good faith, violates due process…. Information which might impeach a government witness and any exculpatory statement made by a government witness should be disclosed under Brady.") (citations omitted); United States v. Gleason, 265 F.Supp. 880, 887 (S.D.N.Y. 1967) (due process requirements override statutory provisions of §3500).

instant offense will cause irreparable damage to Mr. Lipkin and violate his constitutionally protected right to a fair trial. Mr. Lipkin further submits that absent satisfactory proof that this evidence is both relevant and necessary and not more prejudicial than probative, the evidence must be excluded.

## POINT V.

## MOTION FOR SEVERANCE

In order for Mr. Lipkin to receive a fair trial this Court should order severance from the codefendants in this case. As brought out supra, Mr. Lipkin is specifically named in four counts of an otherwise the indictment. The indictment does not allege that Mr. Lipkin had any personal contact with any of the homeowners, straw buyers or lenders. In fact, the indictment alleges that documents containing false representations were endorsed by Mr. Lipkin. While it is our view that Mr. Lipkin has a very triable case, jointly trying Mr. Lipkin with the other defendants who are alleged to have been in direct contact with the alleged aggrieved individuals discussed herein would be manifestly unfair and unduly prejudicial.

### *This Court Has Inherent Power to Determine Scope of Trial*

The District Judge maintains the inherent power to determine the scope of the pending trial, and order the defendants and offenses for trial in the manner that will best serve the interests of justice and judicial economy. FED. R. CRIM. P. 50. See United States v. De Diego, 511 F.2d 818 (D.C. Cir. 1975) (noting a court has power to order a severance to limit taint); Link v. Wabash, 370 U.S. 626 (1962) (stating the court has inherent power and "control...to manage their own affairs"). See, e.g., Schaffer v. United States, 362 U.S. 511, 516 (1959); United States v. Gray, 567 F.2d 916, 919 (9th

Cir. 1978) (noting the court has "inherent right and duty to manage its own calendar"); United States v. Henderson, 489 F.2d 802, 806 (5th Cir. 1973), *cert. denied*, 417 U.S. 913 (1974); Jackson v. United States, 412 F.2d 149 (D.C. Cir. 1969); United States v. Mack, 249 F.2d 321 (7th Cir. 1957); United States v. Cianciulli, 476 F.Supp. 845 (D.C. Pa. 1979); United States v. Sanders, 200 F. Supp. 615 (W.D. La. 1967) (stating "in which the court granted severance to two defendants and established an order of trial, expressly reserving the right to change the sequence and to reconsolidate if appropriate"); United States v. Guterma, 181 F. Supp. 195 (S.D.N.Y. 1960) (stating the court has inherent power to regulate its criminal trial calendar).

The United States Supreme Court has held that severance should be granted under Rule 14 "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). Accord United States v. Neal, 27 F.3d 1035, 1045 (5th Cir. 1994) *cert. denied*, 115 S.Ct. 1165 (1995). Rule 14 of the Federal Rules of Criminal Procedure provides that:

> "If it appears that a defendant...is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever relief justice requires."
> FED. R. CRIM. P. 14.

In United States v. Carrillo-Barraza, tried in 1987 and affirmed in the Fifth Circuit, United States v. Carrillo-Barraza, 853 F.2d 288 (5th Cir. 1988), and in United States v. Hinson, tried in 1990 in San Antonio, Texas, United States v. Hinson, *S4*, No. 89 CR 57 (14), the Defendants were severed based upon judicial economy, and fairness

to those charged. In the <u>Carillo-Barraza</u> and <u>Hinson</u> cases, the courts severed "non-drug defendants" [bankers and business owners] from the "drug defendants."

The Supreme Court has said that a severance should be granted:

> "[W]hen evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant."

<u>Zafiro v. United States</u>, 506 U.S. 534, 539 (1993).

The Eighth Circuit reversed a trial court's denial of a severance motion because there was "a serious risk that the joint trial prevented the jury from making a reliable judgment about guilt or innocence." <u>United States v. Baker</u>, 45 F.3d 330 (8th Cir. 1996). The defendant who moved for severance, Baker, was not named as a co-conspirator with a co-defendant, Wheeler. Rather, as in the case at bar, Baker was alleged to have aided and abetted Wheeler. <u>United States v. Baker</u>, 45 F.3d 330 (8th Cir. 1996). The Eighth Circuit held that Baker was unfairly prejudiced by the admission of prejudicial and inflammatory evidence against Wheeler that "would not have been admissible against [Baker, if Baker] were tried alone...." <u>United States v. Baker</u>, 45 F.3d 330 (8th Cir. 1996). The Eighth Circuit reasoned that:

> "Even though the issues and evidence were relatively straightforward, the risk of substantial prejudice from the spill-over effect of the conspiracy evidence and the documents was too high to be cured by less drastic measures, such as the limiting instructions given by the district court."

<u>United States v. Baker</u>, 45 F.3d 330 (8th Cir. 1996).

In light of the foregoing, and because the court could not find that "the jury was able to compartmentalize the evidence as it related to each defendant," the court reversed Baker's conviction. United States v. Baker, 45 F.3d 330 (8th Cir. 1996).

In short, the unfairness of a joinder in certain circumstances is manifest. The jury might hear days of evidence that the law forbids them from considering in their deliberations concerning the charges relating to the other defendants. In the face of such a deluge of irrelevant and highly prejudicial evidence, there is no limiting instruction strong enough to protect Mr. Lipkin's right to a fair trial or to permit the jury to make a reliable judgment about his guilt or innocence. Zafiro v. United States, 506 U.S. 534, 539 (1993); United States v. Baker, 45 F.3d 330 (8th Cir. 1996).

Reversing a case, the Fifth Circuit noted that an instruction would not afford jointly tried defendants a fair trial when much of the evidence introduced at trial was irrelevant to the Defendants and so highly prejudicial to their case as to undermine their right to a fair trial. See United States v. Cortinas, No. 96-50512 (5th Cir. May 22, 1998) (reversing the conviction and stating where defendants involved in a marijuana distribution conspiracy were tried with other members of the conspiracy who were also members of a boot camp organization for Bandido Nation Motorcycle Club). A severance should have been granted.

### *When Joinder Will Prevent the Defendant from Offering Exculpatory Evidence Essential to His Defense*

The Supreme Court has said the "a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial." Zafiro v. United States, 506 U.S. 534, 539 (1993) (citing Tifford v. Wainwright, 588 F.2d 95 (5th Cir. 1979) (*per curiam*)). Accord United States v. Neal,

27 F.3d 1035, 1046 (5th Cir. 1994). The Fifth Circuit has long recognized that a joinder that precludes a defendant from offering essential exculpatory evidence violates due process. E.g., Tifford v. Wainwright, 588 F.2d 95 (5th Cir. 1979) (*per curiam*); Byrd v. Wainwright, 428 F.2d 1017 (5th Cir. 1970).

Before a severance is granted based on the need for essential co-defendant testimony, the Fifth Circuit requires that a defendant establish "a bona fide need for the co-defendant's testimony, the substance of testimony, the exculpatory nature and effect of the testimony, and that the co-defendant would in fact testify." Accord United States v. Neal, 27 F.3d 1035, 1047 (5th Cir. 1994); accord United States v. Dillman, 15 F.3d 384, 393 (5th Cir.) *cert. denied*, 115 S.Ct. 183 (1994). When these requirements are met, it is reversible error not to grant a severance. E. g., United States v. Neal, 27 F.3d 1035, 1047 (5th Cir. 1994); United States v. Dennis, 645 F.2d 517, 521-22 (5th Cir. 1966), *cert. denied*, 454 U.S. 1034 (1981); Abbot v. Wainwright, 616 F.2d 889, 890 (5th Cir. 1980) (*per curiam*); Tifford v. Wainwright, 588 F.2d 954, 956-57 (5th Cir. 1979); Byrd v. Wainwright, 428 F.2d 1017, 1019-23 (5th Cir. 1970); United States v. DiBernardo, 880 F.2d 1216, 1228-29 (11th Cir. 1985), *cert. denied*, 476 U.S. 1105 (1986).

Mr. Lipkin's case should be severed from that of the remaining codefendants.

### POINT VI

### ALEXSANDER LIPKIN REQUEST PERMISSION TO JOIN CODEFENDANTS' PRE-TRIAL MOTIONS TO THE EXTENT APPLICABLE TO HIM.

Alexsander Lipkin seeks permission to join in on those aspects of codefendants' pre-trial motions which are applicable to him.

## POINT VII

### RESERVATION OF RIGHTS

Finally, although counsel has endeavored to bring all motions applicable to the instant case at this time, defense counsel respectfully requests leave to bring any additional motions which may become necessary based upon the government's response to the present motions or new facts uncovered by the defendant's ongoing investigations.

WHEREFORE, it is respectfully requested that the Court issue an Order granting the relief sought in the annexed Notice of Motion or alternatively, hold a hearing to resolve all factual and legal issues raised in this motion and grant such other and further relief as the Court may deem just and proper.

Dated: Bronx, New York
       March 10, 2008

Respectfully submitted,

MURRAY RICHMAN, ESQ.
2027 Williamsbridge Road, 3rd Fl.
Bronx, New York 10461
(718) 892-8588

15